**STATE of Iowa, Plaintiff–Appellee,**

v.

**Ramon Joseph DeSANTIAGO II,
Defendant–Appellant.**

No. 87–433.

Court of Appeals of Iowa.

July 27, 1988.

Barbara Anderson, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Ann Brenden, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Defendant, Ramon Joseph DeSantiago II, appeals his conviction by a jury of the crime of attempted murder. He asserts the trial court erred by admitting evidence he had planned or committed two other threatening confrontations with his gun on the night of the incident for which he was charged.

On August 3, 1986, at approximately 1:45 a.m., DeSantiago and two of his friends attempted to steal the motorcycle of John Slager. When Slager ran towards them, DeSantiago pulled out his gun and cocked it. Slager nonetheless kept approaching the three young men. Ultimately, DeSantiago fired his weapon, striking Slager between the eyes. DeSantiago testified Slager was 12–13 feet away when he shot the gun. DeSantiago also stated he was trying to shoot over Slager's head to scare him and allow him and his friends to escape. Four witnesses placed the distance between DeSantiago and Slager at 4–6 feet; one witness estimated it to be 10–15 feet.

At trial the State introduced evidence DeSantiago, that same evening but before the Slager shooting, had fired his gun into the air to scare everyone at a place allegedly frequented by devil worshipers. The State also introduced evidence DeSantiago had threatened that evening to kill a friend of his if he had warned to be "ready for him" a foursome DeSantiago apparently planned to sneak up on.

The issue before us is whether the trial court abused its discretion by admitting this evidence of prior bad acts under the intent exception in Iowa Rule of Evidence 404(b). *See State v. Lockheart*, 410 N.W. 2d 688, 697 (Iowa App.1987). We conclude it did not.

DeSantiago contends his prior acts were not sufficiently similar to the offense with which he was charged for them to prove he intended to murder Slager. However, we do not believe the acts themselves need be distinctly similar, so long as the defendant's state of mind demonstrated by those acts is sufficiently similar. For example, several courts have allowed the admission of evidence of prior wrongful behavior where that evidence was relevant to show the defendant's aggressive attitude. *See, e.g., State v. Leecy*, 294 N.W.2d 280, 282 (Minn.1980) (earlier threat against third party admissible to show defendant had assaultive intent when he attacked victim); *State v. McMillian*, 59 N.C.App. 396, 297 S.E.2d 164, 166–67 (1982) (physical abuse and threats toward victim's sister admissible to show defendant's aggressive and abusive attitude immediately preceding the assault on victim); *State v. Dokken*, 385 N.W.2d 493, 497 (S.D.1986) (drawing of gun on third party four hours prior to shooting of victim admissible to show defendant was ready, willing, and able to draw his gun to settle a dispute). In other cases, similar evidence has been admitted to show the defendant's state of mind as he, in a virtual continuance, engaged in one act and then the other. *See Lockheart*, 410 N.W.2d at 696–97; *Commonwealth v. Bray*, 19 Mass. App. 751, 477 N.E.2d 596, 600 (1985).

In this case, the prior acts tended to show DeSantiago had the requisite intent for the crime charged, in that he had demonstrated little reticence in using or threatening to use his gun. This provided evidence directly contrary to his lack of intent defense. We hold the trial court correctly applied the intent exception in Iowa Rule of Evidence 404(b) and correctly determined the evidence of DeSantiago's prior acts was relevant.

AFFIRMED.